IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| WARNER BROS, RECORDS INC., et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>DOES 1-4,<br><br>Defendants. | Case No. 2:07 cv 0424 TC<br><br>**ORDER AND MEMORANDUM DECISION GRANTING PLAINTIFF'S *EX PARTE* APPLICATION FOR LEAVE TO TAKE IMMEDIATE DISCOVERY**<br><br>Judge Tena Campbell<br><br>Magistrate Judge Brooke C. Wells |

Before the court is Plaintiffs' *Ex Parte* Application for Leave to Take Immediate Discovery (motion), filed June 27, 2007.[1] Plaintiffs filed a complaint alleging copyright infringement against four Doe Defendants and now seek discovery to ascertain their identity. Generally, "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)"[2] unless authorized by a court order or agreement of the parties. "[A] party seeking expedited discovery in advance of a Rule 26(f) conference has the burden of showing good cause for the requested departure form usual discovery procedures."[3] After reviewing the Plaintiffs' memorandum, the declaration of Carlos Linares,[4] and relevant case law,

---

[1] Docket no. 3.
[2] Fed. R. Civ. P. 26(d).
[3] *Qwest Communications Int'l, Inc. v. Worldquest Networks, Inc.*, 213 F.R.D. 418, 419 (D.Colo.2003).
[4] Carlos Linares is the Vice President, Anti-Piracy Legal Affairs for the Recording Industry Association of America,

the court finds that Plaintiffs have shown good cause and therefore GRANTS their motion. But, the court will allow Internet Service Provider Off Campus Telecommunications an opportunity to move to quash the subpoena because Plaintiffs' motion is brought *ex parte*.

Under Rule 26(d) "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)."[5] The traditional sequence of discovery may, however, be altered by the court in the exercise of its broad discretion. But, the party seeking expedited discovery in advance of a Rule 26(f) conference bears the burden of showing good cause for departing from the usual discovery procedures.[6] Good cause exists "where a party seeks a preliminary injunction . . . or where the moving party has asserted claims of infringement and unfair competition."[7] Additionally, good cause is also found "where physical evidence may be consumed or destroyed with the passage of time."[8]

Plaintiffs in this action are record companies who own copyrights to some of the most popular sound recordings in the United States. In their complaint Plaintiffs allege Defendants committed violations of federal copyright law.[9] This was allegedly done via an online media distribution system largely using peer-to-peer or P2P networks. Peer-to-peer networks allow users' computers to communicate directly with each other without using a central server. In these networks files are often available on different computers which make requesting and

---

Inc.
[5] Fed. R. Civ. P. 26(d).
[6] *See Pod-Ners, LLC v. Northern Feed & Bean of Lucerne, LLC*, 204 F.R.D. 675, 676 (D.Colo.2002).
[7] *Qwest*, 213 F.R.D. at 419.
[8] *Id.*
[9] *See* 17 U.S.C. § 101 *et seq*.

retrieving information and files faster because there is no dependence upon a central server. The networks have numerous cost, security and efficiency benefits and are used in many settings to store and distribute electronic files. Unfortunately, however, they have also become a very popular medium for the transfer of copyrighted music and video files without proper authorization.[10]  According to Plaintiffs, "more than 2.6 *billion* infringing music files are downloaded monthly."[11]

In the instant case Plaintiffs do not know Defendants' names or any other identifying information other than their unique Internet Protocol address. Consequently, Plaintiffs seek to obtain immediate discovery from Defendants' Internet Service Provider (ISP) Off Campus Telecommunications, whose files will permit Plaintiffs to discovery Defendants' identities. Plaintiffs argue that without such information they will not be able to pursue this lawsuit and "protect their copyrighted works from repeated infringement."[12]  Plaintiffs further argue that the need for such discovery is immediate because ISPs such as Off Campus typically keep the activity logs for brief periods of time before erasing the data they contain. Finally, Plaintiffs request that the court "make clear that Off Campus is authorized to respond to the subpoena pursuant to the Cable Communications Policy Act (the Cable Act)."[13]

---

[10] Some current popular P2P networks used by individuals include Ares, KaZaA, eDonkey, BitTorrent, DirectConnect and Gnutella.  For further information about the use of these networks in the exchange of copyrighted music and videos see *MGM Studios Inc. v Grokster, Ltd.*, 545 U.S. 913 (2005); *A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004 (9th Cir. 2001); *Universal City Studios, Inc. v. Corley*, 273 F.3d 429 (2nd Cir. 2001).
[11] Pla.'s mem. in supp. p. 4 (citing L. Grossman, *It's All Free*, Time, May 5, 2003, at 60-69).
[12] Pla.'s mem. in supp. p. 3.
[13] *Id.* p. 9; *see generally*, 47 U.S.C. § 551.

Based upon a review of this case the court finds that Plaintiffs have established good cause. Good cause exists where the evidence sought "may be consumed or destroyed with the passage of time, thereby disadvantaging one or more parties to the litigation."[14] Accordingly the court GRANTS Plaintiffs' motion. But, because Plaintiffs' motion was brought *ex parte*, Plaintiffs are to serve a copy of this Order along with the subpoena on Off Campus. Off Campus may then move to quash within ten days of being served with the subpoena.

Finally, the Cable Act provides that a cable operator may disclose personally identifiable information regarding subscribers without their consent if the disclosure is "made pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed."[15] As discussed previously, Plaintiffs have shown good cause to discovery this information. Therefore, providing such information is permissible under the Cable Act.

   IT IS SO ORDERED.

   DATED this 3rd day of July, 2007.

                              Brooke C. Wells
                              United States Magistrate Judge

---

[14] *Qwest*, 213 F.R.D. at 419; *see also Interscope Records v. Does*, 2006 WL 1351876, *1 (D.Colo.2006) (finding good cause for immediate discovery from an ISP where the plaintiffs did not know the identity of the defendants but did know their unique IP addresses).

[15] 47 U.S.C. § 551(c)(2)(B).